UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:4-cr-11-DLB-1

UNITED STATES OF AMERICA,                                                          PLAINTIFF,

V.                  **MAGISTRATE JUDGE'S**
                  **REPORT AND RECOMMENDATION**

TOMMY J. PEASE,                                                            DEFENDANT.

***** ***** *****

This matter originally came before the Court for a final revocation hearing on September 29, 2016, based upon two alleged violations of the terms of supervision as set out in the September 19, 2016 Violation Report: (1) Defendant's arrest for fourth degree assault domestic violence on September 12, 2016; and (2) his failure to report this arrest to probation. [R. 49]. At the September 29, 2016 hearing, Defendant stipulated to Violation No. 2, but because the conduct upon which Violation 1 was based was the subject of charges then pending before the Letcher Circuit Court, with a state hearing scheduled for November 3, 2016, this Court scheduled a subsequent final revocation hearing for November 10, 2016 to address Violation 1, in order to allow the state charges to be resolved. [Id.].

At the November 10, 2016 final hearing, Defendant was present and represented by appointed counsel Gerald DeRossett, and the United States was represented by and through Assistant U.S. Attorney Taylor Broadhead. Through an Addendum Violation Report dated November 9, 2016, the parties and Court had been informed that the state domestic charges underlying Violation 1 were dismissed without prejudice by the Letcher County District Court, due to the complaining witness's failure to appear. As a result, the United States moved to

1

dismiss Violation No. 1 at the hearing.

Regarding a potential sentence for Violation No. 2, to which Defendant previously stipulated, the parties did not reach a joint recommendation. The United States recommended that the Court impose a term of incarceration of four (4) months, followed by three (3) years of supervision. Defense recommended a sentence of time served, or alternately, residency in a halfway house followed by the resumption of supervision. For the reasons that follow, the undersigned finds Defendant guilty of Violation No. 2 outlined in the violation report, and RECOMMENDS that the District Court DISMISS Violation No. 1, and on Violation No. 2, impose a sentence of four (4) months incarceration, with credit for time served, followed by three (3) years of supervised release.

## FINDINGS OF FACT

At the September 29, 2016 hearing, Defendant admitted that, as alleged, he did not report to probation the fact that he was arrested on September 12, 2016, and charged with fourth degree assault domestic violence. As a result of his admitted conduct, the Court finds by a preponderance of the evidence that Defendant violated the following conditions of supervised release:

FROM THE VIOLATION REPORT OF SEPTEMBER 19, 2016:

(1)     Violation #2: Standard Condition No. 11: *The defendant shall notify the probation office within seventy-two hours of being arrested or questioned by a law enforcement officer.* As noted above, Mr. Pease did not report his September 12, 2016 arrest to the probation office. This is a Grade C Violation.

## ANALYSIS

In making a recommendation regarding the imposition of sentence, the undersigned has

considered the following factors set forth in 18 U.S.C. § 3553:

**(I) The History and Characteristics of the Defendant, and the nature and circumstances of the offense.** On November 8, 2014, Tommy Pease was sentenced to one hundred and fifty (150) months imprisonment, followed by a three (3) year term of supervised release, following a plea of guilty to transfer of a firearm not registered to him in violation of 26 U.S.C. § 5861(e), conspiracy to possess with intent to distribute Oxycontin in violation of 18 U.S.C. § 924(c)(1)(A)(i), carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924, and interference with interstate commerce by extortion in violation of 18 U.S.C. § 1951. Defendant was given the standard conditions adopted by the Eastern District of Kentucky along with a number of special conditions as reflected in the Judgment. On April 6, 2015, Defendant began the term of supervision through the Probation Office in Pikeville, Kentucky.

However, on September 12, 2016, Defendant was arrested and charged with fourth degree assault domestic violence (Case No. 16-M-555). He did not report this arrest to the probation office. The Court received a September 19, 2016 Violation Report alleging two violations of the conditions of supervision: (1) Defendant's arrest for fourth degree assault domestic violence; and (2) his failure to report the arrest to probation. [R. 49]. The report noted that, following the incident, the victim filed an Emergency Protective Order against Mr. Pease. At the September 29, 2016 violation hearing, Defendant stipulated to Violation No. 2, due to his failure to report his arrest to probation. Regarding Violation No. 1, the Court scheduled a subsequent hearing for November 10, 2016, to allow for the Letcher Circuit Court's resolution of the underlying domestic violence charges. The domestic violence charges were subsequently dismissed due to the complaining witness's failure to appear.

At the November 10, 2016 final revocation hearing, the United States recommended dismissal of Violation No. 1, due to the state court's dismissal of the charges. The parties then presented arguments regarding the potential sentence for Defendant's stipulation to Violation No. 2. Defense counsel noted that Mr. Pease already served ten years on the underlying original offense, and has already served almost two months on the underlying supervision violation. Defense added that Pease currently suffers from post-traumatic stress disorder, and has undergone anger management classes in the past. Where the Guidelines recommend three to nine months' imprisonment, defense argued that the time already served was sufficient and no additional jail time was warranted, and alternately, argued that time in a halfway house, followed by the resumption of supervision, would be sufficient. Mr. Pease then personally addressed the Court, explaining this was all a big mistake, noting he did not have any previous issues regarding supervision prior to this incident, and assured the Court this would not happen again.

The United States argued that, based upon the 18 U.S.C. § 3553 factors, a term of imprisonment was warranted, emphasizing the breach of trust underlying the failure to report the arrest to probation. The United States also stressed Mr. Pease's history of domestic violence, as illustrated by his ex-wife's previous protective order documented in his presentence investigation report, and stressed that although the most recent domestic violence charges were dropped, the victim was at one point afraid enough to contact authorities and file an Emergency Protective Order. The United States further argued that the underlying crime, which involved firearm possession in the commission of a serious drug offense, was very serious. Due to the breach of trust in failing to notify probation, combined with the history of domestic abuse and the underlying abuse allegations, the United States advised that the time served was an insufficient punishment, and recommended four (4) months incarceration, followed by three (3) years of

supervision.

**(II) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.** The Court finds that the Government's request for a sentence of four months imprisonment, towards the bottom of the 3-9 month Guidelines range, is appropriate, given the violation and the surrounding domestic allegations in this matter.

Despite Defendant's testimony that this was a large misunderstanding, that he has generally been compliant thus far with the conditions of release, and that this situation will not happen again, the Court finds that a sentence of time served is insufficient. Mr. Pease's failure to report the underlying arrest to probation does constitute a breach of trust, and to promote respect for the law and deter future breaches of trust, a sentence towards the low end of the guidelines is justified due to Defendant's willing failure to report. The Court further notes the seriousness of the underlying original offenses for conspiracy to distribute Oxycontin and possession of a firearm, as illustrated by the resulting 150 month sentence. A short sentence of imprisonment will work to deter Mr. Pease's future violations and reinforce the fact that Defendant must adhere to all Court-imposed conditions of release.

Moreover, according to his presentence investigation report, Defendant has a concerning history of alleged domestic violence; on December 30, 1999, Defendant's former wife filed a complaint alleging that Defendant "[had] been arguing for the past five months . . . threatened [her] life several times," had "several weapons in the house," was "very short tempered," all causing his wife to become afraid. Presentence Investigation Report at 21. The Letcher District Court entered a protective order upon her complaints of domestic violence, restricting Defendant

from being within 500 feet of his wife, restraining him from committing further acts of domestic violence and abuse, forcing him to vacate their residence and award temporary custody to the couple's daughter. Id. The protective order was ultimately dismissed on his former wife's motion. Id. These events are serious, and combined with the most recent underlying domestic abuse allegations by another individual, who also filed an Emergency Protective Order, the Court finds a present need to protect the public. Even where the underlying charges were dismissed due to the complaining victim's failure to appear, the Court finds a term of incarceration is warranted due to the breach of trust for a failure to report an arrest, to which Defendant admitted. Where the sentencing guidelines advise a term of imprisonment between three (3) and nine (9) months, the Court concludes that a four (4) month sentence, followed by three years' supervision, is a severe enough penalty to deter Defendant's future violations, protect the public including any potential domestic violence victims from future acts, and promote respect for the law and the Court-imposed conditions of supervision.

**(III) The sentencing guideline recommendation for imprisonment and statutory limitations.** According to U.S.S.G. § 7B1.1, Defendant's violation is a Grade C Violation, and the criminal history established at his sentencing is a Category I. Accordingly, the revocation guidelines call for an imprisonment range of three (3) to nine (9) months. The maximum term of imprisonment which can be imposed upon revocation is not more than five (5) years pursuant to 18 U.S.C. § 3583(e)(3). Pursuant to 18 U.S.C § 3583(h), there is no maximum term of supervised release that can be imposed.

## RECOMMENDATION

In making a recommendation, the undersigned has considered the facts set out above in accordance with controlling law, Defendant's past and continuing criminal conduct, the nature of

the instant violation, and the parties' recommendations regarding length of sentence. For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That, on the United States' motion, Violation No. 1 be DISMISSED,;

(2) That the Defendant be found to have committed Violation No. 2 listed above, that his supervised release be REVOKED, and that he be sentenced without delay to four (4) months incarceration, with credit for time served, followed by three (3) years of supervised release;

(3) That, at the direction of the probation office, Defendant be subject to ADDITIONAL SPECIAL CONDITIONS of supervised release, that the Defendant participate in mental health counseling and treatment, anger management, and domestic violence counseling and treatment if deemed advisable by the supervising officer.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed November 14, 2016.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge